UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

    Case No. 12-cr-20287

    Honorable Mark A. Goldsmith

D-8 LEON GILLS,

    Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR MODIFICATION OF TERM OF
IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c) (Dkt. 926)**

Following a jury trial in the summer of 2014, Defendant Leon Gills was convicted of (i) a Racketeering Influenced Corrupt Organizations ("RICO") conspiracy, 18 U.S.C. § 1962(d); (ii) attempted murder in aid of racketeering, 18 U.S.C. § 1959(a)(5); (iii) use and discharge of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and (iv) attempted murder in aid of racketeering, 18 U.S.C. § 1959(a)(5). See Jury Verdict Form (Dkt. 712). He was sentenced to life imprisonment. See Judgment (Dkt. 801). Gills has now filed a motion to modify the term of his imprisonment (Dkt. 926).[1] For the following reasons, the Court denies Gills' motion.

## I.     BACKGROUND

Gills was convicted on Count I, RICO conspiracy; Count VIII, attempted murder in aid of racketeering; Count IX, use and discharge of a firearm; and Count XXXV, attempted murder in

---

[1] Gills also filed a previous motion for a modification of his term of imprisonment (Dkt. 922). His second motion (Dkt. 926) states that it is an "amended and corrected" motion, and the Court will, therefore, disregard the first version filed.

1

aid of racketeering. At sentencing, the Court considered the recommended sentence under the U.S. Sentencing Guidelines ("USSG"). The USSG provide that when a defendant is convicted of more than one count, the court is to group the counts resulting in conviction into Groups of Closely Related Counts ("Groups"), and determine the applicable offense level for each Group. USSG § 3D1.1. Gills' counts were grouped as follows:

| Group | Offense Level |
|---|---|
| Group One – Count I, attempted murder overt act, Dartanian Edwards | 31 |
| Group Two – Count I, attempted murder overt act, Maranda Barnes; Count VIII, attempted murder in aid of racketeering for Maranda Barnes | 29 |
| Group Three – Count I, attempted murder overt act, Rashima Doby; Count VIII, attempted murder in aid of racketeering for Rashima Doby | 29 |
| Group Four – Count I, attempted murder overt act, D'Angelo McEwen; Count VIII, attempted murder in aid of racketeering, D'Angelo McEwen | 31 |
| Group Five – Count I, attempted murder overt act, Rodney Harden; Count VIII, attempted murder in aid of racketeering, Rodney Harden | 31 |
| Group Six – Count I, distribution of crack cocaine overt act | 26 |
| Group Seven [stated as Group Eight at sentencing] – Count I, attempted murder overt act, Charles Orr; Count XXXV, attempted murder in aid of racketeering, Charles Orr | 33 |

See 5/19/2015 Hr'g Tr. at 58-61 (Dkt. 883).

The Court then determined that Gills' combined adjusted offense level was 38. See id. at 61. Based upon this offense level, and Gills' criminal history of five, the guideline imprisonment range was 360 months to life. Id. Considering the sentencing guidelines, as advisory and not mandatory, and taking into account the factors set forth in 18 U.S.C. § 3553, the Court sentenced Gills to life imprisonment on the RICO conspiracy charge; ten years on both of the attempted

2

murder charges, which were to run concurrent to one another and to the RICO sentence; and ten years on the use and discharge of a firearm charge, which was to run consecutive to all counts. See id. at 74.

Gills now argues that (i) he is entitled to a sentencing reduction; or (ii) the Court should consider exercising its discretion to lower his sentence.

## II. ANALYSIS

Gills first argues that as a result of Amendment 782 to the USSG, he should have received a two-level reduction to his offense level for Group Six. See Def. Mot. at 2 (Dkt. 926). Amendment 782 retroactively reduced by two levels the offense level assigned to drug quantities. Gills argues that he should have received a base level of 22 for an offense involving 28 to 112 grams of crack cocaine, rather than 24. After adding two levels for Gills' obstruction of justice, he contends that his adjusted offense level for Group Six would be 24. Id. Gills argues that this lower offense level for Group Six would affect the combined adjusted offense level, such that his sentencing range would be 324-405 months imprisonment instead of life imprisonment. Id. at 3.

The USSG calculate the combined offense level by taking the highest offense level applicable among the Groups, and then increasing it by an amount set forth in the USSG. See USSG § 3D1.4. To determine this amount, the Group with the highest offense level is counted as "one;" a Group that is equally serious as, or from 1-4 levels less serious than, the Group with the highest offense level, is also counted as "one;" a Group that is 5 to 8 levels less serious than the Group with the highest offense level is counted as "one-half;" and a Group that is 9 or more levels less serious is disregarded. Id. These points are then combined to determine the amount that is added to the highest offense level.

Here, the Group with the highest offense level was Group Seven, which has an offense level of 33. This counts as "one." Groups One, Two, Three, Four, and Five were all from 1-4 levels less serious than Group Seven, and thus were worth a combined total of five points. Group Six, as calculated at sentencing, was 7 levels less serious than Group Seven, and was worth one-half of a point. The total amount was therefore 6.5. The USSG provide that when this amount is more than five, five levels should be added to the highest offense level – here, 33. The combined offense level was thus calculated to be 38.

Gills argues that Group Six's offense level should be reduced to 24, which would mean that, as nine levels less serious than Group Seven's offense level, it would be disregarded as part of the above calculation. But even if Gills were correct that his offense level could be reduced to 24, his combined offense level would still be 38. The total amount would be 6, rather than 6.5, but the USSG provide that when the amount is "more than five," five levels are added to the highest offense level. Thus, the Court need not consider whether Amendment 782 allows for a reduction in Gills' offense level, as his sentencing range under the USSG would remain the same.

Gills next asks that, in the alternative, the Court consider exercising its discretion to reduce his sentence. Def. Mot. at 3. "The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress." United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001). Gills does not point to any statutory authority that would permit the Court to reduce his sentence. He lists 18 U.S.C. § 3553(a), but that statute provides the factors that a court must take into consideration when imposing the original sentence, not reducing a sentence that has already been imposed. The Court thus finds that Gills has not shown any entitlement to relief.

### III. CONCLUSION

For the reasons provided, Defendant Gills' motion for modification of term of imprisonment pursuant to 18 U.S.C. § 3582(c) (Dkt. 926) is denied.

SO ORDERED.

Dated: April 12, 2018  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2018.

s/Karri Sandusky  
Case Manager